**UNITED STATES of America, Appellee,**

v.

**David M. DALE, Appellant.**

No. 97–3023.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 16, 1998.

Decided April 14, 1998

Rehearing Denied June 18, 1998.

Jeffrey S. Parker, Fredericksburg, VA, argued the cause for the appellant.

Stuart G. Nash, Assistant United States Attorney, Washington, DC, argued the cause for the appellee. Mary Lou Leary, United States Attorney at the time the brief was filed, and John R. Fisher, Mary Patrice Brown, Thomas R. Eldridge and Mark H. Dubester, Assistant United States Attorneys, were on brief.

Before: WALD, SILBERMAN and HENDERSON, Circuit Judges.

Opinion for the court filed PER CURIAM.

Concurring opinion filed by Circuit Judge KAREN LeCRAFT HENDERSON.

PER CURIAM:

Appellant David M. Dale invokes the federal habeas corpus statute, 28 U.S.C. § 2255,[1] to challenge his fraud and conspiracy convictions on the ground that under *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), issued after Dale's convictions became final, the district court erroneously decided as a question of law, rather than remitting to the jury as a question of fact, the materiality of misrepresentations for which Dale was convicted of violating 18 U.S.C. § 1001.[2] Because Dale failed either to raise the alleged error during his criminal prosecution or to establish in this proceeding "cause and prejudice" to excuse his procedural default, we conclude that he is not entitled to the relief he seeks.

The details of Dale's charged offenses and of his trial are set out at length in *United States v. Dale*, 991 F.2d 819 (D.C.Cir.), *cert. denied*, 510 U.S. 1030, 114 S.Ct. 650, 126 L.Ed.2d 607 (1993), (*Dale I*) and it is unnecessary to repeat them here. At the end of the day the jury convicted Dale of conspiracy (18 U.S.C. § 3571) (count 1) and of six substantive offenses: subscribing to a false tax return (26 U.S.C. § 7206(1)) (count 2); attempted tax evasion (26 U.S.C. § 7201) and aiding and abetting therein (18 U.S.C. § 2) (count 4); wire fraud (18 U.S.C. § 1343) and aiding and abetting therein (18 U.S.C. § 2) (count 5); concealing facts by trick, scheme and artifice (18 U.S.C. § 1001) and aiding and abetting therein (counts 7 and count 9); and making false statements (18 U.S.C. § 1001) and aiding and abetting therein (18 U.S.C. § 2) (count 10). Before deliberations the judge had expressly instructed the jury that the misrepresentations alleged in violation of section 1001 (counts 7, 9 and 10) "are material." App. A82. On July 15, 1991 the trial judge sentenced Dale to 41 months' imprisonment on the conspiracy count and a concurrent 30–month sentence on each of the other 6 counts, to be followed by 2 years' supervised release. The judge also imposed

1. Section 2255 provides in relevant part:
**Federal custody; remedies on motion attacking sentence**
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
28 U.S.C. § 2255.

2. Section 1001 provides in relevant part:

(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
(1) falsifies, conceals, or covers up by any trick, scheme, or device a *material* fact;
(2) makes any *materially* false, fictitious, or fraudulent statement or representation; or
(3) makes or uses any false writing or document knowing the same to contain any *materially* false, fictitious, or fraudulent statement or entry;
shall be fined under this title or imprisoned not more than 5 years, or both.
18 U.S.C. § 1001(a) (emphasis added).

a $350 special assessment, a $675,000 fine and a $58,000 assessment for incarceration costs. In an opinion issued April 6, 1993 we affirmed Dale's convictions and sentence with one exception—we reversed the count 2 conviction of subscribing to a false tax return, which merged with the count 4 conviction of attempted tax evasion, and remanded for appropriate resentencing. *See Dale I.* The United States Supreme Court denied Dale's petition for certiorari on December 3, 1993. *Dale v. United States,* 510 U.S. 1030, 114 S.Ct. 650, 126 L.Ed.2d 607 (1993). The district court resentenced Dale on August 24, 1994 in accordance with our remand. No appeal was taken from the new sentence.

■■■ On June 19, 1995 the United States Supreme Court issued its decision in *United States v. Gaudin,* holding that because materiality is an element of a section 1001 offense the Fifth and Sixth Amendments to the United States Constitution require that a conviction thereof rest on a *jury* finding of materiality. On February 8, 1996 Dale filed a motion in the district court for collateral relief from his convictions pursuant to 28 U.S.C. § 2255 on the ground that under *Gaudin* the trial judge usurped the jury's function by ruling as a matter of law that the misrepresentations alleged in counts 7, 9 and 10 were material. The district court denied the relief sought, concluding that *Gaudin* established a new rule of constitutional procedure that should not be retroactively applied to criminal convictions already final at the time the decision issued. Without reaching the retroactivity issue, we affirm the district court on the ground that Dale is procedurally barred from arguing *Gaudin* error in a habeas proceeding. Having failed to argue in his criminal prosecution that materiality was a jury issue, either before the

district court or on appeal, Dale now "must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). To establish "actual prejudice," he "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170, 102 S.Ct. at 1596.[3] Dale has failed to meet his burden.[4]

The three section 1001 convictions were based on Dale's failure to disclose interests in and relationships with foreign corporations on forms he filed with the Department of Defense to obtain security clearance. *See Dale* I, 991 F.2d at 828–29. In each case the filed form specifically requested the information withheld and Dale has suggested no facts or theory to rebut the district judge's legal conclusion that the charged nondisclosures were material to the Department's decision whether to grant clearance. Nor did Dale—or his co-defendant charged with the same nondisclosures—attempt to challenge the judge's materiality conclusion on direct appeal. In the absence of any basis for finding Dale's misrepresentations were not material, we cannot say that the judge's failure to submit materiality to the jury "worked to [Dale's] actual and substantial disadvantage." The failure therefore was not prejudicial.

■■■ Dale asserts that a *Gaudin* error "cannot be harmless, because it requires speculation about what a hypothetical jury

---

**3.** It is not clear whether the showing of prejudice required to cure procedural default is identical to—or greater than—the showing required to establish ineffective assistance of counsel, namely, that "there is *a reasonable probability* that, but for [the errors], the result of the proceeding would have been different," *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984) (emphasis added). *See United States v. Walling,* 982 F.2d 447, 449 (10th Cir.1992); *Freeman v. Lane,* 962 F.2d 1252, 1258–59 & n. 5 (7th Cir.1992); John C. Jeffries, Jr. & William J. Stuntz, *Ineffective Assistance and Procedural Default in Federal Habeas Corpus,* 57

U. Chi. L.Rev. 679, 684–85 n.25 (1990). Circuit precedent suggests that habeas prejudice may require a greater showing, namely, "*by a preponderance of the evidence,* that the outcome of his trial would have been different but for the errors in question." *See United States v. Saro,* 24 F.3d 283, 287 (D.C.Cir.1994) (emphasis added). In any event, the standard has not been satisfied here.

**4.** Because we find no showing of prejudice we need not decide whether Dale has satisfied the "cause" prong of the default standard.

could have decided, had it been allowed to do so." Reply Br. at 17 (citing *Waldemer v. United States,* 106 F.3d 729, 731–32 (7th Cir.1997)). We disagree. In *Johnson v. United States,* 520 U.S. 461, ——, 117 S.Ct. 1544, 1550, 137 L.Ed.2d 718 (1997), the Supreme Court held that the trial judge's *Gaudin* error was not "plain error"—so as to justify reversal on direct appeal in the absence of an objection made at trial—where "the evidence supporting materiality was 'overwhelming,'" materiality was "essentially uncontroverted" and the appellant "presented no plausible argument" that the charged misrepresentation was not material. We can only conclude that the same error can in similar circumstances be nonprejudicial under the *habeas* standard which requires a "showing of prejudice" that "is significantly greater than that necessary under 'the more vague inquiry suggested by the words "plain error."'" *See Murray v. Carrier,* 477 U.S. 478, 493, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (quoting *Engle v. Isaac,* 456 U.S. 107, 135, 102 S.Ct. 1558, 1575–76, 71 L.Ed.2d 783 (1982)); *see also Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1736–37, 52 L.Ed.2d 203 (1977) ("The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal."); *United States v. Saro,* 24 F.3d 283, 287 (D.C.Cir.1994) (quoting *Murray v. Carrier,* 477 U.S. at 494, 106 S.Ct. at 2648–49).[5]

■■■■ Finally, Dale argues—belatedly and improvidently in a post-argument letter filed with the court on March 20, 1998 purportedly pursuant to Local Rule 28(k)[6]—

that, even if he has not demonstrated prejudice he is entitled to collateral relief to prevent a "miscarriage of justice." It is true that a showing of "fundamental miscarriage of justice" may excuse default when cause and prejudice are not shown. *See Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *United States v. McKie,* 73 F.3d 1149 (D.C.Cir.1996). The petitioner must then "show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent,'" that is, that "it is more likely than not that no reasonable juror would have convicted him" but for the error. *Schlup,* 513 U.S. at 327, 115 S.Ct. at 867 (quoting *Murray v. Carrier,* 477 U.S. at 496, 106 S.Ct. at 2649–50). Having concluded that Dale failed to meet the habeas prejudice standard, we do not think he can possibly claim a miscarriage of justice which requires "a stronger showing than that needed to establish prejudice." *Id.* We therefore reject this last ditch argument.

For the foregoing reasons the judgment of the district court is

*Affirmed.*

**KAREN LeCRAFT HENDERSON,** *Circuit Judge, concurring:*

I agree with the majority opinion that, having failed to object to the judge's materiality determination at any stage of his criminal prosecution and having failed to establish in the habeas proceeding that he was prejudiced by the determination, Dale would be procedurally barred from raising the *Gaudin* error—if he were otherwise entitled to its benefit. He is not. In *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), a plurality of the United States Supreme Court declared: "Unless they fall

---

**5.** In *Waldemer v. United States,* 106 F.3d 729 (7th Cir.1996), on which Dale relies, the Seventh Circuit concluded a *Gaudin* error was necessarily prejudicial because the government could not "demonstrate that [the petitioner's] trial jury actually determined that the statements were material," stating: "Our cases hold ... that if an element of an offense is not actually found by a jury, appellate court musings as to the actions of a hypothetical rational jury cannot render such an error harmless." 106 F.3d at 732. The Supreme Court's subsequent decision in *Johnson* establishes that, to the contrary, an actual jury finding of materiality is not necessary to render a *Gaudin* error harmless.

**6.** Rule 28(k) provides:

> When pertinent and significant authorities come to the attention of a party after the party's brief has been filed, or after oral argument but before decision, a party may promptly advise the clerk of the court, by letter, with a copy to all counsel, setting forth the citations. There shall be a reference either to the page of the brief or to a point argued orally to which the citations pertain, but the letter shall *without argument* state the reasons for the supplemental citations. Any response shall be made promptly and shall be similarly limited.

D.C.Cir. R. 28(j) (emphasis added).

within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." 489 U.S. at 310, 109 S.Ct. at 1075. The plurality set out two exceptions to the general rule: (1) "a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe,'" *id.* at 311, 109 S.Ct. at 1075 (quoting *Mackey v. United States,* 401 U.S. 667, 693, 91 S.Ct. 1171, 1180, 28 L.Ed.2d 388 (1971) (Harlan, J., concurring in judgments in part and dissenting in part)); and (2) "a new rule should be applied retroactively if it requires the observance of 'those procedures that ... are implicit in the concept of ordered liberty,'" *id.* (quoting *Mackey,* 401 U.S. at 693, 91 S.Ct. at 1180) (internal quotation omitted). A majority of the Court has since repeatedly applied both the *Teague* plurality's retroactivity rule and its two exceptions. *See, e.g., Gilmore v. Taylor,* 508 U.S. 333, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993); *Saffle v. Parks,* 494 U.S. 484, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990); *Butler v. McKellar,* 494 U.S. 407, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990); *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). I believe that *Gaudin* established the kind of new rule of constitutional procedure governed by *Teague* and that it fits within neither of the two *Teague* exceptions. I therefore conclude, as did the district court, that *Gaudin*'s holding does not apply retroactively to Dale's convictions.

As a threshold matter, to come under *Teague*'s retroactivity regime, an intervening court decision must produce "a new constitutional rule of criminal procedure." That the *Gaudin* rule, which derives from a defendant's Fifth and Sixth Amendment rights, is a constitutional one cannot be doubted. The rule is plainly also one of procedure—it simply dictates who must decide the statutory element of materiality—it tells us nothing of what constitutes a substantive violation of the statute. *Cf. United States v. McKie,* 73 F.3d 1149, 1151 (D.C.Cir.1996) (court's interpretation of "substantive terms" of criminal statute is not "procedural" rule subject to *Teag-*

*ue* ). Moreover, I believe the *Gaudin* rule was also a "new" rule when formulated.

The Supreme Court acknowledged in *Teague* that "[i]t is admittedly often difficult to determine when a case announces a new rule" and it would "not attempt to define the spectrum of what may or may not constitute a new rule for retroactivity purposes." *Teague,* 489 U.S. at 301, 109 S.Ct. at 1070; *see also Mackey,* 401 U.S. at 667, 693, 91 S.Ct. at 1171, 1180 (1971) (Harlan, J., concurring in judgment in part and dissenting in part) ("[I]n *Desist* [*v. United States,* 394 U.S. 244, 263, 89 S.Ct. 1030, 1041, 22 L.Ed.2d 248 (1969) ] I went to some lengths to point out the inevitable difficulties that will arise in attempting 'to determine whether a particular decision has really announced a "new" rule at all or whether it has simply applied a well-established constitutional principle to govern a case which is closely analogous to those which have been previously considered in the prior case law.' I remain fully cognizant of these problems...."). The *Teague* Court nevertheless offered guidance for deciding which rules are "new" ones: "In general, ... a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. To put it differently, a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague,* 489 U.S. at 301, 109 S.Ct. at 1070 (emphasis original). The *Gaudin* rule comes easily within the latter characterization. Not only was *Gaudin*'s holding "not dictated by precedent existing at the time," it was *contrary to* both Supreme Court precedent and that of a large majority of the circuit courts of appeal.

As the Supreme Court noted, the holding in *Gaudin* was inconsistent with its earlier decision in *Sinclair v. United States,* 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692 (1929). In *Sinclair* the Court had rejected a Sixth Amendment challenge to a trial court's determination of "pertinency" in a criminal contempt proceeding for violation of 2 U.S.C. § 192, which criminalized refusal by a Congressional witness "to answer any question pertinent to the question under inquiry."[1]

---

**1.** The statute provided in full:

"Every person who having been summoned as a witness by the authority of either house of

While *Sinclair* was "not controlling in the strictest sense, since it involved the assertion of a Sixth Amendment right to have the jury determine, not 'materiality' under § 1001, but rather 'pertinency' under [2 U.S.C. § 192]," the Court nonetheless acknowledged that it "[could not] hold for respondent ... while still adhering to the reasoning and the holding of that case," 515 U.S. at 519–20, 115 S.Ct. at 2318–19. The *Gaudin* Court was therefore required to "repudiate" much of the "reasoning" in *Sinclair*. *Id.* at 520, 115 S.Ct. at 2318–19. At the same time the Court also repudiated the holdings of eleven circuit courts of appeal, which had held that materiality was a question of law to be decided by the judge. *See* 515 U.S. at 527, 115 S.Ct. at 2322 (Rehnquist, J., concurring) ("Before today, every Court of Appeals that has considered the issue, except for the Ninth Circuit, has held that the question of materiality is one of law.") (citing *United States v. Gaudin*, 28 F.3d 943, 955 (9th Cir. 1994) (Kozinski, J., dissenting) (listing opinions from eleven circuits so holding)).[2] Given the overwhelming, contrary precedent the *Gaudin* Court overruled, I must conclude that its opinion established a "new" rule which cannot be applied retroactively unless it comes within one of the two exceptions recognized in *Teague* and its progeny[3]—and the *Gaudin* rule does not.

Conceding that the first exception does not apply, Dale asserts that the *Gaudin* rule comes within the second exception as one "requir[ing] the observance of 'those proce-

dures that ... are implicit in the concept of ordered liberty.'" 489 U.S. at 311, 109 S.Ct. at 1076 (quoting *Mackey*, 401 U.S. at 693, 91 S.Ct. at 1180) (internal quotation omitted). In this he errs. The second *Teague* exception is reserved "for 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495, 110 S.Ct. 1257, 1263–64, 108 L.Ed.2d 415 (1990) (quoting *Teague*, 489 U.S. at 311, 109 S.Ct. at 1075–76). The Supreme Court has "usually cited *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), holding that a defendant has the right to be represented by counsel in all criminal trials for serious offenses, to illustrate the type of rule coming within the exception." *Id.* The *Gaudin* rule is not of the same type. It "has none of the primacy and centrality of the rule adopted in *Gideon* or other rules which may be thought to be within the exception" and, as the majority opinion demonstrates, its breach "would not seriously diminish the likelihood of obtaining an accurate determination." *Butler v. McKellar*, 494 U.S. 407, 416, 110 S.Ct. 1212, 1218, 108 L.Ed.2d 347 (1990). *Gaudin*'s holding therefore is not within the "small core of rules" that implicate the second *Teague* exception. *See Graham v. Collins*, 506 U.S. 461, 477, 113 S.Ct. 892, 902–03, 122 L.Ed.2d 260 (1993) (quoting *Teague*, 489 U.S. at 311, 109 S.Ct. at 1075–76).

For the foregoing reasons I believe that the rule announced in *Gaudin* should not be

Congress, to give testimony or to produce papers upon any matter under inquiry before either house, or any committee of either house of Congress, willfully makes default, or who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of a misdemeanor, punishable by a fine of not more than $1,000 nor less than $100, and imprisonment in a common jail for not less than one month nor more than twelve months."

279 U.S. at 284–85, 49 S.Ct. at 269 (quoting 2 U.S.C. § 192).

**2.** The Ninth Circuit dissent cited the following decisions: *United States v. Corsino*, 812 F.2d 26, 31 n. 3 (1st Cir.1987); *United States v. Bernard*, 384 F.2d 915, 916 (2d Cir.1967); *United States v. Elkin*, 731 F.2d 1005, 1009 (2d Cir.1984); *United States v. Greber*, 760 F.2d 68, 73 (3d Cir.1985); *Nilson Van & Storage Co. v. Marsh*, 755 F.2d 362,

367 (4th Cir.1985); *United States v. Hausmann*, 711 F.2d 615, 616–17 (5th Cir.1983); *United States v. Chandler*, 752 F.2d 1148, 1150–51 (6th Cir.1985); *United States v. Brantley*, 786 F.2d 1322, 1327 & n. 2 (7th Cir.1986); *United States v. Hicks*, 619 F.2d 752, 758 (8th Cir.1980); *United States v. Daily*, 921 F.2d 994, 1004 (10th Cir.1990); *United States v. Lopez*, 728 F.2d 1359, 1362 n. 4 (11th Cir.1984); *United States v. Hansen*, 772 F.2d 940, 950 (D.C.Cir.1985). 28 F.3d at 955.

**3.** Dale argues that *Teague* does not prevent retroactive application of new rules in collateral challenges to federal (rather than state-court) convictions. This court, however, has twice recognized *Teague*'s applicability to federal conviction challenges. *See United States v. McKie*, 73 F.3d 1149, 1150 (D.C.Cir.1996); *United States v. Ayala*, 894 F.2d 425, 429 n. 8. (D.C.Cir.1990).

given retroactive effect. *Accord Bilzerian v. United States,* 127 F.3d 237 241 (2d Cir. 1997); *United States v. Swindall,* 107 F.3d 831, 836 (11th Cir.1997). I would therefore affirm the district court on that basis.