# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued September 11, 2018          Decided December 28, 2018

No. 17-3005

UNITED STATES OF AMERICA,
APPELLEE

v.

ERIC A. HICKS,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:93-cr-00097-2)

---

*Paul S. Rosenzweig*, appointed by the court, argued the cause and filed the briefs for appellant.

*Elizabeth Gabriel*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jessie K. Liu*, U.S. Attorney, and *Elizabeth Trosman* and *John P. Mannarino*, Assistant U.S. Attorneys.

Before: TATEL and MILLETT, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

MILLETT, *Circuit Judge*: In the mid-1990s, Eric Hicks was sentenced to a term of life imprisonment after being convicted on multiple narcotics and racketeering charges. Two decades

later, Hicks sought post-conviction relief on the ground that a provision of the United States Sentencing Guidelines raised at his sentencing is unconstitutionally void for vagueness, based on the Supreme Court's intervening decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). The district court denied Hicks' motion on the merits. We affirm on the alternative ground that Hicks procedurally defaulted his claim and has failed to demonstrate the prejudice necessary to obtain the post-conviction relief he seeks.

**I**

**A**

Eric Hicks was a member of a Washington, D.C. gang known as the First Street Crew. In 1994, a jury found Hicks guilty of conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846; conspiracy to participate in a racketeer influenced corrupt organization, in violation of 18 U.S.C. § 1962(d); and three counts of distribution of cocaine base, in violation of 21 U.S.C. § 841.

At the time of Hicks' sentencing, federal law mandated that the district court impose a sentence within the federal Sentencing Guidelines' framework. *See Stinson v. United States*, 508 U.S. 36, 42 (1993). It was not until eleven years later that the Supreme Court declared the mandatory operation of the federal Sentencing Guidelines to be unconstitutional, ruling that they could operate only as advisory guidance for sentencing courts. *See United States v. Booker*, 543 U.S. 220, 226–227, 245 (2005); *accord Gall v. United States*, 552 U.S. 38, 46 (2007).

Hicks' base offense level under those mandatory Sentencing Guidelines was 42 because of the large amount of

cocaine base attributable to the conspiracy. That offense level was then increased by four because Hicks was found to have been a "leader" of the First Street Crew, and by two more levels because he had possessed a firearm on several occasions in the course of the offenses. Two more points were added for Hicks' obstruction of justice, raising Hicks' offense level to 50. Finally, the district court applied a two-level enhancement for "Reckless Endangerment During Flight" under Section 3C1.2. *See* U.S. Sentencing Guidelines Manual § 3C1.2 (U.S. Sentencing Comm'n 1993). Specifically, because the district court found that Hicks had "caused [a] substantial risk of death or bodily injury in the course of fleeing from law enforcement officers," his total offense level rose from 50 to 52. J.A. 40.

Under the Sentencing Guidelines, however, the maximum offense level that could be used in calculating a sentence was 43, which specified a term of life imprisonment. U.S. Sentencing Guidelines Manual ch. 5, pt. A, cmt. n.2 (U.S. Sentencing Comm'n 1993). That meant that, in imposing sentence, the district court calculated Hicks' total offense level as 43, and imposed the life sentence dictated by the Guidelines.

Hicks did not object to the district court's invocation of the Section 3C1.2 enhancement as unconstitutionally vague either at his sentencing or on his direct appeal. *See United States v. White*, 116 F.3d 903 (D.C. Cir.) (per curiam) (affirming Hicks' judgment of conviction and sentence), *cert. denied sub nom. Hicks v. United States*, 522 U.S. 960 (1997).

In the following decades, Hicks repeatedly sought collateral relief from his sentence, without success. In none of those cases did Hicks challenge the constitutionality of Sentencing Guidelines Section 3C1.2. *See* Order, *United States v. Hicks*, No. 18-3020 (D.C. Cir. Sept. 19, 2018) (per curiam); Order, *United States v. Hicks*, No. 05-3167 (D.C. Cir.

Feb. 24, 2006) (per curiam); *United States v. Hicks*, 283 F.3d 380 (D.C. Cir. 2002).

**B**

In 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act's definition of a violent felony, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally void for vagueness, in violation of the Fifth Amendment's Due Process Clause, *Johnson*, 135 S. Ct. at 2557. The residual clause provided enhanced punishment for a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The next year, the Supreme Court held that *Johnson* is a substantive rule of constitutional law that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

In the wake of *Johnson* and *Welch*, Hicks requested and received from this Court permission to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Order, *In re Hicks*, No. 16-3079 (D.C. Cir. Sept. 17, 2016) (per curiam). He argued that *Johnson*'s holding should govern the textually similar language in Sentencing Guidelines Section 3C1.2, which (as previously noted) imposes a two-level enhancement if a defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer[.]" J.A. 43.

The district court denied Hicks' motion, reasoning that Section 3C1.2 was materially distinguishable from the residual clause at issue in *Johnson*: While the residual clause applies categorically to "imagined or hypothetical crimes," Section 3C1.2 is "based on a defendant's real-world conduct." Dist. Ct. Op. 3 (internal quotation marks omitted). The district court

also denied Hicks' subsequent motion for reconsideration, but issued a certificate of appealability. *See* 28 U.S.C. § 2253. Hicks timely appealed.

## II

The district court had jurisdiction over Hicks' motion under 28 U.S.C. § 2255. Because the district court issued a certificate of appealability, this Court has jurisdiction over the appeal under 28 U.S.C. § 2253.

We review questions of procedural default *de novo*. *See United States v. Caso*, 723 F.3d 215, 219 (D.C. Cir. 2013).

## A

The Supreme Court's decisions in *Johnson* and *Welch*, together, retroactively invalidated the Armed Career Criminal Act's residual clause provision enhancing punishment for offenses that created a serious potential risk of physical injury to others. 18 U.S.C. § 924(e)(2)(B)(ii). Shortly thereafter, the Supreme Court addressed *Johnson*'s application to a nearly identically worded Sentencing Guidelines provision, Section 4B1.2. The residual clause of Section 4B1.2 defined a "crime of violence" as an offense that "otherwise involves conduct that presents a serious physical risk of physical injury to another." U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2006). In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Court held that Sentencing Guidelines Section 4B1.2 is not void for vagueness, *id*. at 892. The Court reasoned that, at the time of Beckles' sentencing in 2007, the Sentencing Guidelines were advisory only. *See Booker*, *supra*. Because Section 4B1.2 had served "merely [to] guide the exercise of a court's discretion in choosing an appropriate

sentence within the statutory range," the provision was held not to be unconstitutionally vague. *Beckles*, 137 S. Ct. at 892.

In so ruling, the Supreme Court left open the question of whether similar language in a *mandatory* Sentencing Guidelines provision—that is, a Sentencing Guidelines provision that was applied prior to *Booker*—would be unconstitutionally vague. *See Beckles*, 137 S. Ct. at 890 ("[T]he *advisory* Guidelines are not subject to vagueness challenges under the Due Process Clause[.]") (emphasis added); *id.* at 903 n.4 (Sotomayor, J., concurring).

Hicks asks this Court to weigh in on this open question and determine whether a similarly worded Sentencing Guidelines provision—Section 3C1.2—that was applied as a mandatory provision in his sentencing proceeding is unconstitutionally vague.[1]

We need not resolve that question, however. That is because Hicks has failed to preserve that claim for our review, having procedurally defaulted it in his direct appeal and having failed to establish prejudice from Section 3C1.2's application in his case. *See Smith v. Lanier*, 726 F.3d 166, 169 (D.C. Cir. 2013) ("[W]e can affirm a district court's judgment on any basis supported by the record[.]") (quoting *Carney v. American Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998)).

When a convicted defendant fails to raise a challenge to his conviction or sentencing on direct appeal, that claim is deemed to be procedurally defaulted and may be raised in

---

[1]  Section 3C1.2 reads:  "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."   U.S. Sentencing Guidelines Manual § 3C1.2 (U.S. Sentencing Comm'n 1993).

habeas only if the defendant establishes either (i) "cause" for the default and "actual prejudice" resulting from the alleged violation, or (ii) his "actual[] innocen[ce.]" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations and internal quotation marks omitted).

Hicks doubly defaulted his constitutional vagueness challenge by failing to raise it both at sentencing and on his direct appeal. Hicks also makes no claim that he is actually—that is, factually—innocent of the crimes of which he was convicted. As a result, Hicks bears the burden of showing both "'cause' excusing his double procedural default," and "'actual prejudice' resulting from the errors of which he complains." *United States v. Pettigrew*, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (quoting *United States v. Frady*, 456 U.S. 152, 167–168 (1982)).

Because the record in this case conclusively establishes that Hicks was not prejudiced or affected in any legally material way by the application of Sentencing Guidelines Section 3C1.2 to his case, his constitutional claim cannot go forward.

In this context, "actual prejudice" means that the alleged error at Hicks' sentencing must have "worked to his *actual* and substantial disadvantage, infecting" his sentencing with "error of constitutional dimensions." *Pettigrew*, 346 F.3d at 1144 (internal quotation marks omitted) (quoting *Frady*, 456 U.S. at 170). In other words, Hicks must "*at least* demonstrate that 'there is a reasonable probability that, but for the errors, the result of the proceedings would have been different.'" *Id.* (alterations omitted) (quoting *United States v. Dale*, 140 F.3d 1054, 1056 n.3 (D.C. Cir. 1998)).

The application of Sentencing Guidelines Section 3C1.2 added two points to Hicks' offense level, elevating his total offense level from 50 to 52. That was a change without a difference because the Sentencing Guidelines capped the maximum offense level at 43. *See* U.S. Sentencing Guidelines Manual ch. 5, pt. A, cmt. n.2 (U.S. Sentencing Comm'n 1993) ("An offense level of more than 43 is to be treated as an offense level of 43."). Once Hicks hit 43 for his offense level, his mandatory Sentencing Guidelines range was life imprisonment. Indeed, the Sentencing Guidelines' sentencing table did not (and still does not) list offense levels, or corresponding Guidelines ranges, in excess of 43. *See id.* ch. 5, pt. A. All this means that Hicks was already facing an offense level greater than 43 and a mandatory sentence of life imprisonment long before the Section 3C1.2 enhancement was even put on the table. The Section 3C1.2 enhancement had no effect on his sentence at all. His sentence of life imprisonment would have been exactly the same if Section 3C1.2 had never been mentioned.

For that reason, there is *no* probability, reasonable or otherwise, that the result of the proceedings would have been different had Section 3C1.2 not been applied. *See Pettigrew*, 346 F.3d at 1144 (quoting *Frady*, 456 U.S. at 168). As a result, Hicks did not suffer actual prejudice from the application of Sentencing Guidelines Section 3C1.2 at his sentencing, and his procedural default of his constitutional challenge is not overcome.

**B**

Hicks tries to escape that numerical reality by arguing that, if his motion for relief from his sentence were granted, he would be resentenced on remand under the now-advisory Sentencing Guidelines. And that would permit the sentencing

court to deviate from the Sentencing Guidelines range of life imprisonment, affording him the prospect of a lower sentence. *See Booker*, 543 U.S. at 245.

That argument does not work. The actual prejudice needed to overcome a procedural default must "result[] from the error[] of which [Hicks] complains"—that is, from application of the assertedly unconstitutionally vague Section 3C1.2 in his prior sentencing proceeding. *Pettigrew*, 346 F.3d at 1144. The actual prejudice cannot derive, as Hicks argues, from a different problem with the sentencing regime, such as its mistakenly mandatory operation in 1994 when Hicks was sentenced. Notably, Hicks previously sought leave to challenge his sentence as unconstitutional under *Booker*, but we denied the claim because the *Booker* decision does not apply retroactively. *See* Order, *United States v. Hicks*, No. 05-3167 (D.C. Cir. Feb. 26, 2006) (per curiam); *see also In re Fashina*, 486 F.3d 1300, 1306 (D.C. Cir. 2007). Hicks cannot now pivot to *Booker* as the source of his injury for his separate vagueness challenge to Section 3C1.2.

On top of that, the actual prejudice inquiry is retrospective not prospective in nature. It asks not whether things could change on remand, but only whether the initial proceeding that actually happened "would *have been* different" but for the asserted constitutional error. *Pettigrew*, 346 F.3d at 1144 (emphasis added) (quoting *Dale*, 140 F.3d at 1056 n.3); *see Frady*, 456 U.S. at 172.

Nor is the Supreme Court's recent decision in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), of help to Hicks. In *Molina-Martinez*, the Supreme Court held that, "[i]n most cases," a district court's mistaken application of an incorrectly higher Sentencing Guidelines range will by itself establish "a reasonable probability of a different outcome"

sufficient to establish prejudice for purposes of plain error review. *Id*. at 1346; *see id.* at 1347 ("[I]n the ordinary case a defendant will satisfy his burden to show prejudice by pointing to the application of an incorrect, higher Guidelines range and the sentence he received thereunder.").

But Hicks' situation is not "most cases" precisely because the Sentencing Guidelines error he asserts did *not* yield a "higher Guidelines range[.]" *Molina-Martinez*¸136 S. Ct. at 1346. The assigned error instead left Hicks right where he started before Section 3C1.2 was raised—an offense level of 43 that prescribed a sentence of life imprisonment.

In short, because the district court's application of Sentencing Guidelines Section 3C1.2 had no effect on the sentence imposed, Hicks has not demonstrated the prejudice necessary to overcome his procedural default, and we do not reach the merits of his constitutional challenge.[2]

\* \* \* \* \*

For the foregoing reasons, the district court's judgment denying Hicks' Section 2255 motion to vacate his sentence is affirmed.

*So ordered.*

---

[2] We appointed Paul S. Rosenzweig to represent Hicks *in forma pauperis*. He has ably discharged his duties, and this Court greatly appreciates his service.