UNITED STATES of America, Appellee

v.

Homes VALENCIA–RIOS, also known as Ramiro, also known as Genaro, also known as Heriberto, Appellant.

No. 03–3004.

United States Court of Appeals, District of Columbia Circuit.

Aug. 31, 2010.

Teresa A. Wallbaum, Robert Allen Feitel, U.S. Department of Justice, Washington, DC, for Appellee.

Jon S. Pascale, Law Offices of Jon S. Pascale, Burke, VA, A.J. Kramer, Federal Public Defender, Office of the Federal Public Defender, Washington, DC, for Appellant.

BEFORE: TATEL and GARLAND, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered upon the record from the United States District Court for the District of Columbia and initially on the briefs and oral argument of the parties. On June 2, 2006, the court issued an opinion and order that, while otherwise rejecting the appellant's challenges, held this case in abeyance and remanded the record to the district court for the limited purpose of: (1) determining "whether it would have imposed a different sentence materially more favorable to the defendant had it been fully aware of the post-*Booker* sentencing regime," in accordance with *United States v. Coles,* 403 F.3d 764, 770 (D.C.Cir.2005); and (2) conducting further proceedings to consider the merits of appellant's ineffective assistance of counsel claim, in accordance with *United States v. Rashad,* 331 F.3d 908 (D.C.Cir.2003). On May 9, 2009, the district court notified this court that it would have imposed a different sentence materially more favorable to appellant had it been fully aware of the post-*Booker* sentencing regime. On August 8, 2009, the district court determined appellant had not shown that he received ineffective assistance of counsel at trial. Upon the district court's return of the record to this court, we ordered supplemental briefing from the parties. Upon consideration of the foregoing, it is

**ORDERED and ADJUDGED** that, for the reasons stated in the careful and detailed opinion of the district court, its order concluding that appellant has not shown he received ineffective assistance of counsel be affirmed. Furthermore, we reject appellant's new claim of ineffective assistance of remand counsel as counsel's representation was neither deficient nor prejudicial under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It is

**FURTHER ORDERED and ADJUDGED** that, in light of the district court's notice that it would have imposed a different sentence materially more favorable to appellant had it been fully aware of the post-*Booker* sentencing regime, this case be remanded to the district court for resentencing. *See Coles,* 403 F.3d at 770.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.