# United States Court of Appeals
## For the First Circuit

No. 18-2146

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS J. GUZMÁN-MERCED,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Howard, Chief Judge,
Kayatta, Circuit Judge,
and Casper,* District Judge.

Vivian Shevitz for appellant.
David Christian Bornstein, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Francisco A. Besosa-Martínez, Assistant United States Attorney, were on brief, for appellee.

December 22, 2020

---

* Of the District of Massachusetts, sitting by designation.

**KAYATTA**, <u>Circuit Judge</u>.  18 U.S.C. § 922(g)(1) makes it a crime for a convicted felon to possess a firearm.  In <u>Rehaif</u> v. <u>United States</u>, 139 S. Ct. 2191, 2200 (2019), the United States Supreme Court held that a conviction for that crime requires proof beyond a reasonable doubt that when the defendant possessed the gun, he knew he was a felon -- i.e., he knew he had previously been convicted of an offense punishable by more than a year in prison.  Last year, we explained how to apply <u>Rehaif</u> to a post-conviction appeal by a defendant who pled guilty to unlawfully possessing a firearm under section 922(g)(1) without having been informed of this requirement.  <u>United States</u> v. <u>Burghardt</u>, 939 F.3d 397, 403-06 (1st Cir. 2019).  On plain error review, we rejected that defendant's appeal.  We found that there was no "reasonable probability" that that defendant would have proceeded to trial had he been told by the district court that the government need prove that he knew when he possessed the gun that the crime of which he had previously been convicted was punishable by more than a year in prison.  <u>Id.</u> at 405-06.  In this case, we apply that same test to materially different facts, finding that there is a reasonable probability that Carlos J. Guzmán-Merced would not have pled guilty had he been advised of this essential element of the government's burden of proof.  Our reasoning follows.

**I.**

Guzmán fared poorly as a child in school: He was diagnosed with learning disabilities early on, and he failed seventh grade twice before dropping out of school altogether. By age sixteen, he had found his way into the juvenile justice system. In 2012, at age seventeen, Guzmán was charged as an adult with one count of using violence against a public authority and two counts of carrying and using a firearm without a license, all felonies punishable by more than one year in prison under Puerto Rico law. In 2013, he was convicted of all three counts and sentenced to exactly one year of imprisonment on each, but he served no time in prison because his sentence was suspended to a term of probation.

That brings us to the conviction giving rise to this appeal. In 2017, at age twenty-two, Guzmán was caught engaging in a shoot-out at a barber shop. He pled guilty in March 2018 to one count of violating section 922(g)(1). Both parties agree that, without the benefit of the June 2019 Rehaif decision, the district court did not advise Guzmán that the government would need to prove beyond a reasonable doubt that he knew the facts that made it unlawful for him to possess a gun. Both parties also agree that Guzmán made no relevant objection to the adequacy of his Rule 11 colloquy before the district court.

As in Burghardt, Guzmán's guilty plea waived his challenge to the sufficiency of the indictment, and we find no compelling reason to excuse that waiver. See 939 F.3d at 402. With respect to Guzmán's challenge to the plea itself, plain error review applies given the absence of any objection below. See id. at 402-03. We now know, with hindsight, that the district court's failure to advise Guzmán of Rehaif's knowledge requirement was clear error. So we turn first to the question of prejudice, which depends on whether there is a reasonable probability that Guzmán would not have pled guilty had he been informed in accordance with Rehaif. See id. at 403.

In Burghardt we found no such probability for two basic reasons. First, the record "reveal[ed] no reason to think that the government would have had any difficulty at all in offering overwhelming proof that Burghardt knew that he had previously been convicted of offenses punishable by more than a year in prison." Id. at 404. Second, pleading guilty garnered Burghardt a "three-level reduction under the Guidelines for his acceptance of responsibility." Id. at 405.

The overwhelming proof of the requisite knowledge in Burghardt included the finding in the presentence report that Burghardt had been sentenced to 2-10 years on two prior offenses, 7.5-15 years on another, and 2-5 years on a fourth. Id. at 404.

- 4 -

There was no reason to doubt the accuracy of this report.  See id. Nor was there reason to doubt that a person actually sentenced to several years in prison knew that his crime was punishable by more than a year in prison.  See id.

Here, too, the record is clear that Guzmán was convicted of three offenses that were punishable by more than one year.  And, as in Burghardt, there is no reason to suspect that the sentencing court failed to explain the maximum penalties available.  See id. But Guzmán did not serve even a day in prison for his prior offenses, and the suspended sentence he was given did not exceed one year for any of the three felony counts he was convicted of. See Rehaif, 139 S. Ct. at 2198 (recognizing that "a person who was convicted of a prior crime but sentenced only to probation" might not know that his crime was punishable by more than one year in prison); United States v. Bryant, 976 F.3d 165, 174 (2d Cir. 2020) (indicating that a defendant's conviction may be vacated under Rehaif if he was not sentenced to more than one year in prison on the prior felony).  Moreover, Guzmán was only eighteen years old when he was convicted and sentenced for his prior offenses, and he has a limited education and diagnosed learning disabilities. Finally, four years passed between the date Guzmán was convicted of his prior offenses and the date he allegedly violated section 922(g)(1).  All in all, one can see how a person in his shoes could plausibly think that he had a decent shot of convincing

- 5 -

at least one juror to reasonably doubt whether he knew in 2017 that his prior offenses were punishable by more than a year in prison.

That still leaves the opportunity cost of foregoing the three-level reduction for acceptance of responsibility. As we observed in Burghardt, "[t]he benefit received . . . from pleading is often a factor in our analysis of the likelihood that a defendant might have decided not to plead guilty." 939 F.3d at 405. The three-level reduction Guzmán received reduced his Guidelines sentencing range from 57–71 months to 41–51 months. By contrast, a successful defense and acquittal on the section 922(g)(1) charge -- the sole count in the indictment -- would have resulted in no sentence at all. So, given the circumstances of his prior convictions, it is easy to see how Guzmán might have thought the risk of a longer sentence would have been worth the potential gain of an acquittal.

The decision to plead guilty is supposed to be voluntary and informed. See United States v. Figueroa-Ocasio, 805 F.3d 360, 368 (1st Cir. 2015). And it is the defendant's right, once so informed, to make the decision. On this record, with at least a plausible defense for trial, there is a reasonable probability that Guzmán would not have pled guilty had he been told what the government would need to prove in order to convict him at trial.

One question remains under our review for plain error: Does the error "seriously impugn[] the fairness, integrity or public reputation of the proceeding"?  Burghardt, 939 F.3d at 403 (quoting United States v. Correa-Osorio, 784 F.3d 11, 17–18 (1st Cir. 2015)).  We are confident that the answer is "yes."  The district court's failure to explain the mens rea necessary to support a conviction under section 922(g)(1) during the plea colloquy calls into question whether Guzmán fully understood the nature of the charges against him, which is necessary for a plea to be knowing and voluntary.  See Figueroa-Ocasio, 805 F.3d at 371.  And, when combined with the sparseness of the evidence offered on appeal by the government with respect to Guzmán's knowledge of his felon status, it creates a risk that Guzmán was actually innocent of the charge against him and was convicted only because of a misunderstanding of the applicable law.  See United States v. Gandia-Maysonet, 227 F.3d 1, 6 (1st Cir. 2000).

## III.

For the foregoing reasons, we vacate Guzmán's guilty plea, conviction, and sentence and remand for further proceedings in accord with this opinion.[1]

---

[1]  Because the sentence is vacated, we need not address Guzmán's claim that it was procedurally and substantively unreasonable.