# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued January 25, 2024         Decided July 26, 2024

No. 22-3003

UNITED STATES OF AMERICA,
APPELLEE

v.

NAQUEL HENDERSON,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cr-00131-1)

*Isra J. Bhatty*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs were *A. J. Kramer*, Federal Public Defender, and *Celia Goetzl*, Assistant Federal Public Defender.

*Timothy R. Cahill*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Chrisellen R. Kolb* and *John P. Mannarino*, Assistant U.S. Attorneys.

Before: WALKER and PAN, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

Opinion for the Court by *Senior Circuit Judge* ROGERS.

ROGERS, *Senior Circuit Judge*: Naquel Henderson pleaded guilty to 18 U.S.C. § 922(g)(1) pursuant to a global plea agreement. After his plea but before he was sentenced, the Supreme Court held in *Rehaif v. United States*, 588 U.S. 225 (2019), that to convict under § 922(g) the government had to prove the defendant knew that he possessed a firearm and that he belonged to a category of persons barred from such possession. *Id.* at 237. Henderson collaterally attacks his conviction, not having filed a direct appeal, and he now appeals the denial of his motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on the grounds he was denied the effective assistance of counsel and his guilty plea was not knowing and voluntary. Because the record fails to show that Henderson suffered actual prejudice, the court affirms.

## I.

On June 4, 2019, Henderson pleaded guilty to two counts in a superseding information: unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1), and unlawful possession of a firearm by a person previously convicted of a crime of violence punishable by a term exceeding one year, in violation of D.C. Code § 22-4503(a)(1) and (b)(1). The government, in accord with the global plea agreement, dismissed at sentencing Henderson's indictment for another count of violation of 18 U.S.C. § 922(g)(1), and dismissed following his sentencing a pending indictment charging him with four counts of violating the District of Columbia Code: (1) unlawful possession of a firearm by a person previously convicted of a crime of violence punishable by a term exceeding one year, D.C. Code § 22-4503(a)(1) and (b)(1); (2) carrying a pistol without a

license (outside home or place of business), D.C. Code § 22-4504(a)(2); (3) possession of unregistered firearm, D.C. Code § 7-2502.01(a); and (4) unlawful possession of ammunition, D.C. Code § 7-2506.01(a)(3). On August 15, 2019, the district court sentenced Henderson to concurrent sentences of 36 months' incarceration for violation of D.C. Code § 22-4503(a)(1) and (b)(1), and 21 months' incarceration for violation of 18 U.S.C. § 922(g)(1), followed by 36 months of supervised release.

The predicate felony for the felon-in-possession conviction in 2019 was Henderson's conviction of attempted robbery in violation of D.C. Code § 22-2802. In the D.C. Superior Court in 2015, he pled guilty to snatching a cellphone from a D.C. METRO bus passenger, and was sentenced on February 16, 2016, to six months' incarceration followed by one year of supervised release, which was suspended, and one year of supervised probation under the Youth Rehabilitation Act, D.C. Code § 24-903. While on probation for attempted robbery, Henderson was arrested twice in 2016 and charged with unlawful possession of a firearm by a felon, in violation of D.C. Code § 22-4503(a)(1), among other charges. The government dismissed a pending criminal case, and another criminal case was resolved in 2019 as part of the global plea agreement in the federal district court.

On January 11, 2019, the Supreme Court granted *certiorari* "to consider whether, in prosecutions under § 922(g) and § 924(a)(2), the [g]overnment must prove that a defendant knows of his status as a person barred from possessing a firearm." *Rehaif*, 588 U.S. at 228. Oral arguments were held on April 23, 2019. After Henderson pleaded guilty on June 4, 2019, and before his sentencing on August 15, 2019, the Supreme Court held on June 21, 2019, that to convict under § 922(g) the government had to prove the defendant knew he

possessed a firearm and that he belonged to a category of persons barred from such possession. *Id.* at 237. Apparently, neither the prosecutor nor Henderson's trial counsel addressed *Rehaif* or notified Henderson of the knowledge-of-status *mens rea* element. Appellant's Br. 6, 10. The district court proceeded to sentence Henderson on August 15, 2019. Henderson did not file a direct appeal from the judgment of conviction.

On August 14, 2020, Henderson filed a motion to vacate the 2019 judgment of conviction pursuant to 28 U.S.C. § 2255. The government "elected not to invoke" Henderson's waiver in the global plea agreement of his rights of collateral attack, save for an ineffective assistance of counsel claim. Opp'n to Motion to Vacate (Feb. 16, 2021) at 13 n.5. Instead the government argued that (1) his *Rehaif* claim was procedurally defaulted by failing to file a direct appeal on the ground "his guilty plea was involuntary due to his lack of notification about a purported knowledge-of-status requirement for either 18 U.S.C. § 922(g)(1) or D.C. Code § 22-4503(a)," *id.* at 16, and (2) trial counsel's failure to discuss *Rehaif* was neither constitutionally deficient nor prejudicial to Henderson, *see id.* at 37.

The district court denied Henderson's § 2255 motion, ruling that he had "failed to show cause that would excuse the procedural default of his *Rehaif* claim, [or] actual prejudice resulting from that default, or actual innocence of the charged offenses," Mem. Op. at 13 (Nov. 10, 2021), much less trial counsel's "deficient performance and resulting prejudice," *id.* at 16. The district court found no need to decide whether *Rehaif* applied to Henderson's D.C. Code § 22-4503(a) felon-in-possession conviction. *Id.* at 13 n.4. Henderson had argued there was no such need: both convictions had to be reversed because his "entire prosecution . . . and his entire judgment of

conviction" were "infected with fundamental constitutional error," Reply in Supp. of Mot. to Vacate J. at 21.

The district court declined to issue a certificate of appealability once Henderson filed a notice of appeal. This court granted his motion for the certificate of appealability. Order (Dec. 2, 2022).

## II.

On appeal, Henderson reprises his argument that his conviction under 18 U.S.C. § 922(g) is unconstitutional. Appellant's Br. 15. If "defense counsel [had] informed and properly advised" Henderson "about *Rehaif*, there is a reasonable probability that he would not have pled guilty, or would have moved to withdraw his plea after *Rehaif* was issued, and proceeded to trial." *Id.* at 22–23. This court reviews *de novo* the denial of an ineffective assistance of counsel claim. *United States v. Abney*, 812 F.3d 1079, 1087 (D.C. Cir. 2016).

"The Sixth Amendment [to the Constitution] guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, 582 U.S. 357, 363 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012)). To prevail on an ineffective assistance of counsel claim, "the defendant must show that counsel's performance was deficient," and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). But "there is no reason for a court . . . to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. Further, the court has instructed that "[i]f it is easier to dispose of an

ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

To demonstrate that trial counsel's performance prejudiced his defense, *id.* at 687, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Greer v. United States*, 593 U.S. 503, 508–10 (2021). Here, had Henderson gone to trial and raised a *Rehaif* defense, "[t]he relevant inquiry [would have been] . . . whether [the defendant] knew that the maximum penalty for his crimes was more than one year of imprisonment." *United States v. Reynoso*, 38 F.4th 1083, 1093 (D.C. Cir. 2022). The record confirms that Henderson knew he had been convicted of a predicate crime punishable by at least one year in prison when he possessed the firearm that resulted in his conviction of 18 U.S.C. § 922(g)(1) in 2019. There is thus not a reasonable probability that, had he known of the availability of a *Rehaif* defense, Henderson would have gone to trial to raise such a defense.

While "a person is a felon, he ordinarily knows he is a felon," *Greer*, 593 U.S. at 508, it is also true that as the Court and Government recognized, *id.* at 509, there are exceptions. Here, there is evidence to support finding that Henderson knew of his status. In 2015, Henderson signed both a plea agreement that stated the maximum sentence on the attempted robbery charge was three years' imprisonment, Plea Agreement ¶ 1 (Dec. 14, 2015), and a waiver of indictment that stated he was being prosecuted for a felony offense, Waiver of Indictment (Dec. 14, 2015). At the plea hearing, the Superior Court judge informed Henderson that he could be sentenced up to three years in prison. Super. Ct. Plea Hr'g Tr. at 5:14–16 (Dec. 14, 2015). Commenting that Henderson "look[ed] confused," the

judge asked if there was "something about the maximum possible sentence that [he was] not aware of," Henderson had responded unequivocally, "[n]o." *Id.* at 5:22–25. In explaining Henderson's waiver of his right to be indicted by a grand jury, the judge stated that attempted robbery is a felony offense in the District of Columbia, and Henderson confirmed that he understood. *See id.* at 8:4–9:1. Additionally, while on probation for attempted robbery, Henderson was charged twice later in 2016 with being a felon-in-possession of a firearm, in violation of D.C. Code § 22-4503(a)(1), *inter alia*, and nowhere suggests that he was not duly arraigned.

The 2019 presentencing report in the U.S. District Court stated that at the time of the predicate felony offense in 2015, Henderson was 18 years old, suffered from learning disabilities, and was scheduled to receive his high school diploma in 2016. Although sentenced under the Youth Rehabilitation Act, which is modeled after the Federal Youth Corrections Act, (codified as amended at 18 U.S.C. § 5005 *et seq.* (1976) (repealed 1984)), *see United States v. McDonald*, 991 F.2d 866, 872 (D.C. Cir. 1993), Henderson continued to engage in activity resulting in being charged twice in 2016 as a felon in unlawful possession of a firearm. The district court observed in 2019 that Henderson had received his high school diploma in 2016, and there was nothing to indicate that he was unable to understand his offense in 2015 or his offense in 2019. Mem. Op. at 11. On appeal now Henderson proffers no evidence to belie his unequivocal negative response in 2016 to the judge's inquiry whether he was confused about the maximum possible sentence he faced for attempted robbery. Neither has he proffered evidence that would call into question the district court's conclusion in 2019 about his level of comprehension of the charges against him, admittedly a difficult task given the information in the Presentence Report.

That Henderson avoided imprisonment as an adult prior to possessing the firearms underlying his 2019 convictions of 18 U.S.C. § 922(g)(1) and D.C. Code § 22-4503(a)(1) and (b)(1) does not overcome the record evidence that he was aware of his prior status as a felon. The record prevents concluding that "there is a reasonable probability that [Henderson] would have gone to trial" to argue that he did not know of his felon status. *Greer*, 593 U.S. at 510. Cases with significantly different records do not advance his cause. Henderson may have had a learning disability and pleaded guilty to violation of 18 U.S.C. § 922(g)(1) at a young age, but in *United States v. Guzmán-Merced*, 984 F.3d 18 (1st Cir. 2020), the First Circuit was confronted with the "sparseness of the evidence offered on appeal by the government with respect to Guzman's knowledge of his felon status." *Id.* at 21. In *United States v. Wilson*, 853 F. App'x 297 (10th Cir. 2021), the defendant's only prior convictions were "juvenile adjudications," which were not "criminal in nature" in Colorado. *Id.* at 305–06. Neither case, nor *United States v. Banks*, 104 F.4th 496 (4th Cir. 2024), *see* Rule 28(j) Ltr. (June 18, 2024), support concluding that Henderson lacked knowledge he was a felon-in-possession under 18 U.S.C. § 922(g)(1) when he pleaded guilty in 2019, or that he would have opted to go to trial to advance such a defense had he known it was available.

### III.

Relatedly, Henderson contends that his guilty plea to 18 U.S.C. § 922(g)(1) in 2019 was neither knowing nor voluntary because he was not informed of, nor pled guilty to, the knowledge-of-status requirement for a § 922(g) conviction established by *Rehaif*. Had he been properly advised, he maintains, he would have gone to trial. Appellant's Br. 15, 36.

To obtain collateral relief from a conviction pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). This burden can be met by establishing actual innocence, *Bousley v. United States*, 523 U.S. 614, 623 (1998), or cause for the default and "actual prejudice" resulting from the error, *Frady*, 456 U.S. at 167–68. The court reviews *de novo* claims of procedural default. *United States v. Hicks*, 911 F.3d 623, 626 (D.C. Cir. 2018).

Henderson has not shown that he was prejudiced. *See* Part II, *supra*. For cause and prejudice, the court need not decide whether Henderson demonstrated cause because he has failed to show "actual prejudice of a degree sufficient to justify collateral relief." *Frady*, 456 U.S. at 168. Having failed to make a sufficient showing of prejudice to support his ineffective assistance of counsel claim, it follows that he has not met his burden to show actual prejudice on collateral review. *See United States v. Hicks*, 911 F.3d 623, 627 (D.C. Cir. 2018).

Neither has Henderson shown actual innocence because "no reasonable juror would have found [him] guilty." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). This exacting standard requires he "make a stronger showing than that needed to establish prejudice." *Id.* at 327. Contrary to Henderson's insistence that "at the time of his offense he did not know that he belonged to the relevant category of persons barred from possessing a firearm under § 922(g)," and it is therefore "'more likely than not any reasonable juror would have reasonable doubt' about his knowledge," Appellant's Br. 38 (internal citation omitted), the record before the district court belies his claim, *see* Part II, *supra*.

Accordingly, the court affirms the denial of Henderson's motion to set aside and vacate the 2019 judgment of conviction pursuant to 28 U.S.C. § 2255.